Filing # 127155969 E-Filed 05/19/2021 05:29:41 PM

Case 1:21-cv-22394-KMM   Document 1-2   Entered on FLSD Docket 07/01/2021   Page 1 of 11

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-011454-CA-01

NATHANIA LAI,

    Plaintiff,

vs.

CITY OF MIAMI, a Florida municipality;
CITY OF MIAMI POLICE
DEPARTMENT, An administrative
subdivision of the City of Miami

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** CITY OF MIAMI; CITY OF MIAMI POLICE DEPARTMENT:

    CITY OF MIAMI POLICE DEPARTMENT
    c/o Chief of Police Art Acevedo
    400 N.W. 2nd Avenue
    Miami, FL 33128

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC
    44 W. FLAGLER ST., SUITE 2200
    MIAMI, FLORIDA 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____
CLERK                                                    DATE

_____
(BY) DEPUTY CLERK

1475              6/23/21

f.c?                   1140An

RECEIVED
JUN 23 2021
MIAMI POLICE
OFFICE OF
THE CHIEF OF POLICE

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:_____

NATHANIA LAI,

    Plaintiff,

vs.

CITY OF MIAMI, a Florida municipality, a/k/a CITY OF MIAMI POLICE DEPARTMENT, an administrative subdivision of the City of Miami

    Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, NATHANIA LAI ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant CITY OF MIAMI and CITY OF MIAMI POLICE DEPARTMENT ("Defendant") and alleges as follows:

1. This is an action for discrimination based upon Plaintiff's gender and status as a pregnant and white female pursuant to the Pregnancy Discrimination Act of 1978 ("PDA"), as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA").

2. Plaintiff is a resident of Broward County, Florida and worked for Defendant in Miami Dade County, Florida within the jurisdiction of this Honorable Court and where the actions contained herein occurred.

3. At all times material hereto, Defendant CITY OF MIAMI was a political subdivision of the State of Florida.

4. At all times material hereto, Defendant CITY OF MIAMI POLICE DEPARMTENT was an Agency for Defendant City of Miami.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On or about November 22, 2004, Defendant hired Plaintiff as a police officer.

6. On or about April 16, 2018, Plaintiff found out she was pregnant, and shortly thereafter disclosed the pregnancy to the Staffing Office at the Miami Riverside Building, in accordance with company policy. This request was for light duty with a doctor's order.

7. The doctor's note clearly showed that the plaintiff's disability was one that significantly affected a major life activity.

8. Plaintiff provided medical documentation indicating that she needed to be on light duty as she was a high-risk pregnancy.

9. Plaintiff was transferred to a position that was in a different location but was in fact not a light duty position. Plaintiff was transferred to the midnight shift position at the Communications Unit.

10. Plaintiff is aware that other male officers were provided with light duty patrol positions for months and Plaintiff did not believe that Defendant would have refused the light duty position.

11. On May 1, 2019 Plaintiff complained to Captain Lozano, Acting Supervisor Lieutenant Redondo and Stephanie Gardner in Health Services to explain the need for a reasonable accommodation to the day shift. Plaintiff provided a second note from her doctor explaining that the duty provided was not light duty and that double daily shifts was also not light duty.

12. Plaintiff is a female and as such a member of a protected class and was subject to unwelcome discrimination in that she was treated differently than her male counterparts. She

was in fact told by Defendant that comparing a pregnant woman to male counterparts was like comparing apples to oranges and not a valid argument.

13. This disparate treatment directly affected the terms, conditions and privileges of employment with Defendant as she was not provided with the same treatment that non-whites and Males were provided.

14. Contrary to what Plaintiff witnessed with other male officers, Plaintiff was told that she needed to take personal time off if she could not work the full duty position assigned to her. Plaintiff was not treated the same as her male counterparts with disability requests.

15. On May 17, 2018, Plaintiff was hospitalized with complications and lost her pregnancy.

16. As a result of Plaintiff filing a complaint with the Union and EEOC, Plaintiff was subjected to different terms and conditions of employment, denied training and treated differently than other non-white and male employees.

17. The Americans With Disabilities Act requires that employers reasonably accommodate the known physical or mental limitations of an otherwise qualified individual with a disability who is an employee. Defendant failed to accommodate Plaintiff who is such an individual which the act intended to protect.

18. The City refused to accept the doctor's notes Plaintiff provided and actually demanded better clarification as to why she could not work the night shift. This is unacceptable as other male and non-white counterparts did not receive similar treatment and were given accommodations.

19. Plaintiff was constructively terminated and after exhausting FMLA as a result of Defendant refusing to provide light duty as they provided other non-white and males, Plaintiff was forced to exercise her vested retirement rights and leave the City's employ.

20. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") no or about April 8, 2019. EEOC#510-2019-03105.

21. On or about February 16, 2021, the EEOC issued to Plaintiff a "Notice of Right to Sue."

22. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I: PREGNANCY DISCRIMINATION UNDER THE PDA AND TITLE VII

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. Plaintiff is a member of a protected class under Title VII.

25. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy, sex and race in violation of the Pregnancy Discrimination Act and Title VII.

26. Defendant knew, or should have known, of the discrimination.

27. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the PDA and Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II:
### GENDER/SEX DISCRIMINATION UNDER TITLE VII

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

29. Plaintiff is a member of a protected class under Title VII.

30. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her gender/Sex in violation of Title VII.

31. Defendant knew, or should have known, of the discrimination.

32. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    g. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for

the unlawful employment practices described herein;

i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### RETALIATION IN VIOLATION OF 42 U.S.C. §1981 & 42 U.S.C. § 2000e(k)

33. Plaintiff reasserts her allegations in paragraph 1-22 as if fully set forth herein.

34. The adverse employment actions suffered by the Plaintiff were the result of her complaints of discrimination and filing with the EEOC.

35. As a direct and proximate result of the Defendant's unlawful and willful actions as set forth in this Complaint, Plaintiff has suffered damages and will continue to suffer damages in the future including, but not limited to:

   a. Compensatory damages;
   b. Lost profits; and
   c. Other financial losses.

36. The Plaintiff has retained undersigned counsel to prosecute their claim and are entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

M. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

N. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

O. Award Plaintiff as to this count prejudgment interest; and

P. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

Q. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## COUNT IV: GENDER DISCRIMINATION UNDER THE FCRA

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

38. Plaintiff is a member of a protected class under the FCRA.

39. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her gender in violation of the FCRA.

40. Defendant knew, or should have known, of the discrimination.

41. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

r. Adjudge and decree that Defendant has violated the FCRA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

s. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

t. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

u. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

v. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

w. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation in Violation of the FCRA*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this Complaint as if set out in full herein.

43. Defendant is an employer as that term is used under the applicable statutes referenced above.

44. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

45. The foregoing unlawful actions by Defendant were purposeful.

46. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

47. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal

connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

48. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

49. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

X. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

Y. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

Z. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

AA. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

BB. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

CC. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

DD. For a money judgment representing prejudgment interest;

EE. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

FF. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

GG. Grant PLAINTIFF a trial by jury; and

HH. Grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: May 13, 2021

Respectfully submitted,

/s/ **Jason S. Remer**
**Jason S. Remer, Esq.**
Florida Bar Number: 165580
jremer@rgpattorneys.com
**Daniel H. Hunt, Esq.**
Florida Bar Number: 121247
dhunt@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005